United States District Court
Southern District of Texas
**ENTERED**
February 01, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERAIL GREEN | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. H-23-4501 |
| GABLES NW TEXAS LP, | | |
| Defendant. | | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim in the Alternative Motion for a More Definite Statement (Document No. 6). Having considered the motion, submissions, and applicable law, the Court finds the defendant's motion should be granted.

## I. BACKGROUND

This case arises out of a residential lease agreement. Plaintiff Derail Green ("Green") is the current resident of an apartment located at 3720 W. Alabama, Apartment No. 7207, Houston, Texas 77027 (the "Apartment"). Green occupied the Apartment pursuant to a written lease agreement (the "Lease") with Defendant Gables NW Texas LP ("Gables"). On October 7, 2023, Green began sending demand letters to Gables purporting to rely on the Federal Reserve Act to use "equity" from

his social security number to pay his rent.[1] Green subsequently sent numerous written demands to Gables, which Gables responded to, stating there was no authority for Green's demands.[2] Based on the foregoing, on November 28, 2023, Green moving *pro se* filed this case. The Complaint is vague; however, Green appears to assert violations of the Federal Reserve Act against Gables.[3] Green generally asserts that the documentation he sent to Gables was binding on it and as a result of Gables refusal to comply it is violating federal law.[4] On January 2, 2024, Gables moved to dismiss Green's claims or, alternatively, requested a more definite statement of the claims against them. On January 23, 2023, Green responded with a document titled Opposition for Motion to Dismiss and Definite Statement.[5]

---

[1] *Defendant's Motion to Dismiss for Failure to State a Claim, in the Alternative Motion for a More Definite Statement*, Document No. 6 at 2.

[2] *Original Complaint*, Document No. 1 at 6.

[3] *Original Complaint*, Document No. 1 at 1–6.

[4] The Court notes that Green sent many documents to Gable. Including a power of attorney that seems to state he is the "agent" for himself. *See Original Complaint*, Document No. 1 at 15–22. Green offers no legal authority for this status as agent to himself or any authority for the demands made on Gables. Instead, Gables broadly asserts an irrelevant federal statute for his basis that Gables must comply with his demands.

[5] *See Plaintiff's Opposition for Motion to Dismiss and Definite Statement*, Document No. 7 at 1–7. The Court also notes that Green has filed multiple documents purported to be amended responses to the motion of dismiss. All the documents are similar in content and reiterate the same arguments and legal theories. *See Amended Plaintiff's Opposition for Motion to Dismiss for Statement of Claim and Definite Statement*, Document No. 8 at 1–2; *Plaintiff's Memorandum of Facts*, Document No. 9 1–6; and *Amended Plaintiff's Opposition for Motion to Dismiss for Statement of Claim and Definite*

## II. STANDARD OF REVIEW

*A.  Motion to Dismiss for Failure to State a Claim*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point

---

*Statement*, Document No. 10 at 1–2. The Court chooses to consider all of the filings construing liberally.

3

of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

*B. Motion for More Definite Statement*

Federal Rule of Civil Procedure 12(e) governs motions for a more definite statement. Fed. R. Civ. P. 12(e). Rule 12(e) inquires "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Santos v. Tex. Workforce Comm'n*, No. CIV.A.H-08-1869, 2008 WL 2902078, at *1 (S.D. Tex. July 28, 2008) (Rosenthal, C.J.). Rule 12(e) motions are disfavored. *Tempur-Pedic Int'l Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971 (S.D. Tex. 2012) (Gilmore, J.). A motion for a more definite statement is not a substitute for a motion to dismiss for failure to state a claim. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3d ed. 2019) ("If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) even if the pleading is vague or ambiguous."). "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Angel Beds LLC*, 902 F. Supp. 2d at 971.

### III. LAW & ANALYSIS

Gables contends that Green's complaint only makes conclusory claims and fails to raise any claim for which relief may be sought. Alternatively, Gables

4

contends that Green's complaint lacks any clear cause of action and requires a more definite statement by Green to respond adequately. Green contends in his response that certain federal statutes give rise to his complaint, and Gables breached a contract when they did not comply with his written demands.

Here, while the complaint is vague, Green asserts that Gables failing to comply with his written demand is a violation of Section 16 and Section 29 of the Federal Reserve Act.[6] The Federal Reserve Act governs the purposes, structure, and functions of the Federal Reserve System of the United States. *See* 12 U.S.C. 221-522. Section 16 of the Federal Reserve Act governs the issuance of Federal Reserve Notes. (*See* 12 U.S.C. 411-467) and Section 29 provides for civil penalties for member banks that violate Sections 22, 23A, or 23 B of the Federal Reserve Act. *See* 12 U.S.C. 504(a). Nothing in the instant case indicates that the cited sections of the Federal Reserve Act would have any merit in this matter—this dispute over Green paying the rent due according to a residential lease. Nothing in the facts provided suggests that the documents sent by Green would amount to him being relieved from paying his rent. Green offers no factual basis for how a statute related to banks and federal reserve notes would have any merit in a dispute related to paying rent in accordance with a signed lease. Further, neither Section 16 nor Section 29

---

[6] *Original Complaint*, Document No. 1 at 6.

provide private causes of action. *Whyte v. Collins*, No. 3:23-CV-1303- X-BN, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023) (Horan, J.), report and recommendation adopted, No. 3:23-CV-1303-X-BN, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023) (Star, J.).

In his response, Green seems to add claims for violations of the Securities Act of 1933, The Bill of Exchange Act of 1882, and breach of contract. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court elects to consider these claims as a more definite statement of Green's original complaint. As an initial matter, The Bill of Exchange Act of 1882 is a foreign law originating in the United Kingdom. Nothing in the file justifies how a foreign law has any bearing on the instant matter. Additionally, Green offers no factual basis for why the Securities Act of 1933 would have any bearing on a dispute over the payment of rent due under a residential lease agreement. As for the breach of contract claims, Green suggests that the mere fact that Gables refused to accept his "negotiable instrument" and comply with his demands is a breach of contract.[7] However, the "negotiable instrument" seems to be based on the idea that Green's social security number provides some sort of "credit" that Green, in turn, has the

---

[7] *Plaintiff's Opposition for Motion to Dismiss and Definite Statement*, Document No. 7 at 5–6.

6

"constitutional right" to apply to his debt.[8] Green provides no relevant authority for the basis of this assertion. Additionally, it is clear that Gables never accepted this negotiable instrument or acted in any way to signal it was agreeing to Green's terms. Green acknowledges that Gables did not accept his instrument. However, he seems to assert Gables must comply with his demands.[9] Green offers nothing but conclusory statements and illogical legal arguments for his contention that Gables must comply with his demand and apply a credit that would negate the rent he owes. As mentioned above, the Court construes all *pro se* filings liberally. Even construing the complaint liberally, the Court finds Green has failed to state a claim for which relief may be granted. Accordingly, the Court finds Green has failed to state a claim for which relief may be sought. Therefore, the Court Finds Gable's motion to dismiss should be granted.[10]

---

[8] *Plaintiff's Opposition for Motion to Dismiss and Definite Statement*, Document No. 7 at 1.

[9] *Plaintiff's Opposition for Motion to Dismiss and Definite Statement*, Document No. 7 at 2.

[10] The Court notes that alternatively Gables moved for a more definite statement. Green's response was stated to be both a response and a more definite statement. The Court finds it would be futile to allow Green anymore leave to amend his pleading because there is no plausible way his claims as stated would survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Landavazo v. Toro Co.*, 301 F. App'x 333, 337 (5th Cir. 2008) (*per curiam*). Accordingly, the Court finds it unnecessary to provide Green any additional opportunity to amend his complaint before ruling on the Defendants' motion to dismiss.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss for Failure to State a Claim, in the Alternative Motion for a More Definite Statement (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Derail Green's claims against Defendant Gables NW Texas LP are **DISMISSED**.

SIGNED at Houston, Texas, on this __1__ day of February, 2024.

*[signature]*
DAVID HITTNER
United States District Judge